UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALBERT SMELKO, JR., Individually and On
Behalf of All Others Similarly Situated,

Plaintiff,

v.

STRATASYS LTD., DAVID REIS and EREZ
SIMHA,

Defendants.

Case No. 0:15-cv-00455-PJS-FLN

Related Case Nos.:

1:15-cv-00927 (E.D.N.Y.)
0:15-cv-01592 (D. Minn.)
0:15-cv-01863 (D. Minn.)

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF ROBERT BACH FOR CONSOLIDATION OF THE ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF SELECTION OF COUNSEL**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS...................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

PRELIMINARY STATEMENT ....................................................................... 1

STATEMENT OF FACTS ................................................................................ 2

ARGUMENT ..................................................................................................... 3

    I.      THE ACTIONS SHOULD BE CONSOLIDATED ........................................ 3

    II.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF.......... 4

        A.    The Procedure Required by the PSLRA.................................................. 4

            1.  Movant Is Willing to Serve as Class Representative ........................... 5

            2.  Movant Has the Requisite Financial Interest in the Relief Sought by the Class ................................................................................................ 5

        B.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ................................................................................... 6

            1.  Movant's Claims are Typical of the Claims of all the Class Members  7

            2.  Movant Will Adequately Represent the Class ..................................... 8

    IV.  MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED.................. 9

CONCLUSION............................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Gen. Tel. Co. v. Falcon*,
  457 U.S. 147 (1982).................................................................................................. 8

*In re Drexel Burnham Lambert Grp.*,
  960 F.2d 285 (2d Cir. 1992)................................................................................... 8, 9

*In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404 (D.N.J. 1998) ..................................... 7, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................. 8

*In re Party City Secs. Litig*,
  189 F.R.D. 91 (D.N.J. 1999).................................................................................... 7

*In re Razorfish, Inc. Secs. Litig.*,
  143 F. Supp. 2d 304 (S.D.N.Y. 2001)....................................................................... 2

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)................................................................................ 3, 4

*Mitchell v. Complete Mgmt., Inc.*,
  Case No. 99-CV-1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999)............... 3

*Primavera Familienstiftung v. Askin*,
  173 F.R.D. 115 (S.D.N.Y. 1997). .............................................................................. 3

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993).................................................................................... 7

*Schulman v. Lumenis, Ltd.*,
  2003 WL 21415287 (S.D.N.Y June 18, 2003) ........................................................... 7

*Smith v. Suprema Specialties, Inc.*,
  206 F. Supp. 2d 627 (D.N.J. 2002) ........................................................................... 2

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
  216 F.R.D. 248 (S.D.N.Y. 2003) ............................................................................... 7

*Weiss v. York Hosp.*,
  745 F.2d 786 (3d Cir. 1984)..................................................................................... 8

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................... 3, 6, 7, 9

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)............................................................................................ 4
15 U.S.C. § 78u-4(a)(3)(B) .................................................................................... passim
15 U.S.C. § 78u-4(e) .................................................................................................... 6

**Rules**

Fed. R. Civ. P. 23(a) ............................................................................................... 7, 8
Fed. R. Civ. P. 42(a) ............................................................................................... 3, 4

## PRELIMINARY STATEMENT

Presently pending before the Court are multiple securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the common stock of Stratasys Ltd. ("SSYS" or the "Company"), between May 9, 2014 and February 2, 2015, inclusive ("Class Period").  Plaintiff in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of the Company's officers. The Actions involve substantially the same issues of fact and law and therefore, should be consolidated under Rule 42 of the Federal Rules of Civil Procedure.

Movant Robert Bach ("Movant") purchased SSYS securities during the Class Period.  In connection with these purchases, Movant lost approximately $195,358 as a result of the alleged fraud during the Class Period.  Movant respectfully submits this memorandum of law in support of his motion for (a) consolidation of the Actions, (b) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and (c) for approval of their selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as Lead Counsel and Reinhardt Wendorf & Blanchfield as Liaison Counsel for the Class.

Movant believes that he has the largest financial interest in the outcome of the case arising from ownership of SSYS securities.[1]  As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.  Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and they will fairly and adequately represent the interests of the Class.

---

[1]    The certifications of Movant identifying his transactions in SSYS stock, as required by the PSLRA, as well as a chart identifying his losses are attached to the declaration of Adam M. Apton ("Apton Decl."), dated April 6, 2015, as Exhibits A and B, respectively.

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and have made a *prima facie* showing that they are an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002). Movant satisfies both requirements.

## STATEMENT OF FACTS

SSYS manufactures three-dimensional printers. Compl. ¶ 2.[2] In August 2013, the Company acquired Cooperation Technology Corporation ("CTC"). CTC manufactured the "MakerBot" series of three-dimensional printers. ¶ 5. During the Class Period, Defendants issued false and misleading statements concerning the MakerBot brand products. ¶ 9. Defendants' false and misleading statements related to the Company's projected revenues which, in large part, were based on "MakerBot" sales. ¶¶ 8-9.

On February 2, 2015, the Company revealed that its revenue earnings would miss analyst projections by significant amounts. ¶ 13. Further, the Company revealed that it would be taking an impairment charge to the goodwill value associated with the "MakerBot" acquisition in the amount of $100 million to $110 million. ¶ 13. On this news, the Company's stock dropped approximately 28% from $80.08 per share on February 2, 2015 to $57.36 per share the following day. ¶ 16.

---

[2]     Citations to "¶ __" are to paragraphs of the Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in the *Smelko* action. The facts set forth in the Complaint are incorporated herein by reference.

**ARGUMENT**

## I.    THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions."  *Id.*

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a).  "[C]ourts have taken the view that considerations of judicial economy favor consolidation."  *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)).  Consolidation is particularly appropriate in securities class action litigation.  *See Mitchell v. Complete Mgmt., Inc.*, No. 99-CV-1454 (DAB), 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct.  The Actions name substantially the same parties as defendants.  Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and

3

similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, a prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Actions now pending in this District.

## II.     THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A.     The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A) . The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)     has either filed the complaint or made a motion in response to a notice;
>
> (bb)     in the determination of the court, has the largest financial interest

in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him.  Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiffs in the Actions.

### 1.   Movant Is Willing to Serve as Class Representative

On February 5, 2015, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against SSYS and which advised putative class members that they had until March 31, 2015 to file a motion to seek appointment as a lead plaintiff in the action.[3]  Movant has reviewed a complaint filed in this matter and has timely filed his motion pursuant to the Notice.

### 2.   Movant Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action.  As

---

[3] The *Smelko* action was filed in this Court on February 5, 2015.  Also, on February 5, 2015, the Notice was published over *BusinessWire,* a widely circulated national business oriented wire service.  *See* Apton Decl., Ex. C.

demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B.  The movant who with the largest financial interest and meets the requirements of typicality and adequacy under Rule 23 is presumptively the lead plaintiff.  *See Weltz,* 199 F.R.D. at 132.

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period.  15 U.S.C. § 78u-4(e).

During the Class Period, Movant purchased SSYS common stock in reliance upon the materially false and misleading statements issued by the defendants, and were injured thereby. Movant suffered a substantial loss of approximately $195,358.  *See* Apton Decl., Ex. B.  Movant thus has a significant financial interest in the outcome of this case.  To the best of his knowledge, there is no other applicant who has sought, or is seeking, appointment as lead plaintiff on behalf of the Class that has a larger financial interest and also satisfies Rule 23.

**B.     Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.,* No. 02 Civ. 1989 (DAB), 2003 WL 21415287, at *5-6 (S.D.N.Y June 18, 2003); *Weltz,* 199 F.R.D. at 133 (considering only typicality and adequacy on a motion as lead plaintiff); *see also In Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999).  *See generally* Fed. R. Civ. P. 23(a) (3)-(4).  Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *Weinberg,* 216 F.R.D. at 252.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiffs moves for class certification. *See id.*; *Weltz,* 199 F.R.D. at 133; *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying their appointment as Lead Plaintiffs.

### 1.   Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class."  Movant plainly meets the typicality requirement of Rule 23 because (i) they suffered the same injuries as the absent class members; (ii) they suffered as a result of the same course of conduct by defendants; and (iii) their claims are based on the same legal issues. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford*

*Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"); *see also Milestone Scientific,* 183 F.R.D. at 414-415.   Rule 23 does not require that the named plaintiff be identically situated with all class members.   It is enough if their situations share a common issue of law or fact.   *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).   A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class or Class members.   Movant, like the other members of the Class, acquired SSYS common stock during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby.   Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and their losses result from Defendants' common course of wrongful conduct.   Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).   *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

## 2.   Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class.   Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."   The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of

the Class.  15 U.S.C. §78u-4(a)(3)(B); *see Drexel Burnham,* 960 F.2d at 291; *Weltz,* 199 F.R.D. at 133.

Movant's interests are clearly aligned with those of the other members of the Class.  Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Actions.  This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class.  In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

## IV.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the

Class.  The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class. *See* Apton Decl. Ex. D (the firm resume of Levi & Korsinsky).

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Action; and (3) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated:  April 6, 2015                                   Respectfully submitted,

REINHARDT WENDORF & BLANCHFIELD


  *s/ Garrett D. Blanchfield*
Garrett D. Blanchfield (#209855)
E. 1250 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota 55101
T: (651) 287-2100
F: (651) 287-2103



LEVI & KORSINSKY LLP
Nicholas I. Porritt
Adam M. Apton
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (866) 367-6510

*Counsel for Movant Robert Bach and Proposed Class Counsel*